IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREGORY LEE CHASE                                                                           PLAINTIFF

vs.                                            Civil No. 1:16-cv-01072

NANCY A. BERRYHILL                                                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Gregory Lee Chase ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

On May 13, 2013, Plaintiff protectively filed his disability application. (Tr. 144, 284-285). In this application, Plaintiff alleges being disabled due to "severe headaches, confusion, can't concentrate," and manic depression. (Tr. 319). Plaintiff alleges an onset date of May 25, 2012. (Tr. 144). This application was denied initially and again upon reconsideration. (Tr. 192-222).

Plaintiff requested an administrative hearing on March 12, 2014. (Tr. 232-233). This request was granted, and Plaintiff's administrative hearing was held on October 22, 2014 in El Dorado,

Arkansas. (Tr. 160-191). At this hearing, Plaintiff was present and was represented by Michael Ray. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* During this hearing, Plaintiff testified he was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 165). As for his education, Plaintiff testified he had completed the twelfth grade in high school. *Id.*

On March 30, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 144-153). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 146, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 25, 2012, his alleged onset date. (Tr. 146, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral knee pain, history of blood clots in his lungs, and depression. (Tr. 146, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 146-148, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 148-152, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).

*Id.* "Light work" is defined as follows:

2

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 152, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 152-153, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 152-153). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations:(1) poultry line worker (unskilled, light) (3,500 such jobs in Arkansas and 200,000 such jobs in the nation); and (2) small product assembly (unskilled, light) (4,700 such jobs in Arkansas and 200,000 such jobs in the nation). *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 25, 2012 through the date of the ALJ's decision or through March 30, 2015. (Tr. 153, Finding 11).

Plaintiff sought review with the Appeals Council. On May 27, 2016, the Appeals Council denied his request for review. (Tr. 1-3). On July 25, 2016, Plaintiff filed a Complaint in his case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 12, 14. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 12 at 1-7. Specifically, Plaintiff claims the ALJ improperly considered his knee impairment, his pulmonary embolism, his migraine headaches, and his depression. *Id.* Defendant has responded to Plaintiff's appeal brief and claims his case should be affirmed. ECF No. 14 at 1-11. The Court will consider each of these alleged impairments.

A. **Knee Impairment**

Plaintiff claims he is disabled due to his right knee impairment and pain in both his right knee and in his left knee. ECF No. 12 at 3-4. Based upon Defendant's appeal brief and Plaintiff's appeal

5

brief, there appears to be no dispute that Plaintiff suffers from an impairment in his right knee that requires surgery and may be disabling. There also appears to be no dispute that surgery would likely correct this impairment and allow Plaintiff to return to work: "If Mr. Chance could have his knees repaired, he might have been able to return to work." *Id.*

The dispute in this case is whether Plaintiff's failure to undergo knee surgery is excused because he "could not afford to pay for the surgery." ECF No. 12 at 3. Upon review, the Court finds Plaintiff's failure to undergo surgery is not excused. Notably, for this failure to be excused, Plaintiff must demonstrate he has exhausted all of the possible alternatives to receiving treatment at a reduced rate or free of charge. *See Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003). In the present action, as the ALJ noted, Plaintiff has made no such demonstration. (Tr. 63). Furthermore, Plaintiff has received plenty of care (as the transcript demonstrates) and notes in the record reveal he does not qualify for Medicaid due to his assets. (Tr. 691). Thus, the ALJ properly found Plaintiff's failure to have his knee repaired should not be excused.

### B. Pulmonary Embolism

Plaintiff claims he is disabled due to his "history of pulmonary embolism." ECF No. 12 at 4-5. Upon review of his medical records, however, the Court notes that although Plaintiff did suffer from a pulmonary embolism, that impairment was treated, and Plaintiff was discharged improved with medication without any further evidence of recurrence during the relevant time period. (Tr. 150, 798). The ALJ noted as much in his opinion. (Tr. 150-152). Accordingly, the Court cannot find the ALJ erred in considering Plaintiff's "history of pulmonary embolism."

### C. Migraine Headaches

Plaintiff claims he is disabled because he has a "well-documented history of migraine

headaches." ECF No. 12 at 5. Despite this claim, however, Plaintiff still has no diagnosis or treatment for migraines, and Plaintiff reportedly only took "BC Powder" for headaches as needed. (Tr. 146, 149-150, 184). Thus, the Court cannot find Plaintiff has demonstrated he is disabled due to the severe impairment of migraine headaches. *See Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996) (recognizing it is the claimant has the burden of demonstrating an impairment is severe).

Further, the determination of whether a claimant has a "severe" impairment is based upon the medical evidence. *See Bowen v. Yuckert,* 107 S.Ct. 2287, 2292 (1987). Here, the medical records Plaintiff references in his briefing do not support his claim that he is disabled due to severe migraine headaches. Thus, the Court finds the ALJ's assessment of Plaintiff's migraine headaches is supported by substantial evidence in the record.

**D.     Depression**

Plaintiff claims he is disabled due to his depression. ECF No. 12 at 5-6. Plaintiff claims this alleged disability is supported by the fact he has "a well-documented history of depression." *Id.* Plaintiff then provided a somewhat "well-documented" history of depression that dates outside the relevant time-period. *Id.* Indeed, Plaintiff's alleged onset date is May 25, 2012. (Tr. 144). The medical records Plaintiff cites in his briefing are from 2005-2011. ECF No. 12 at 5-6. Accordingly, they are not from the relevant time-period, and they do not establish Plaintiff was disabled due to depression during the relevant time-period.

Furthermore, Plaintiff has not cited to *any records* demonstrating his depression is anything other than a diagnosis, which does not necessarily establish he is disabled. Accordingly, based upon this records, the Court cannot find Plaintiff has met his burden of establishing he is disabled due to depression.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of June 2017.**

>                          /s/   Barry A. Bryant
>                          HON. BARRY A. BRYANT
>                          U.S. MAGISTRATE JUDGE